Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
Walsh Pizzi O'Reilly Falanga LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

*Attorneys for Plaintiff Telebrands Corp.*
*(additional counsel listed on signature page)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **TELEBRANDS CORP.,** | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| **NITE IZE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Telebrands Corp. ("Telebrands"), by and through its attorneys, for its Complaint

against defendant Nite Ize, Inc. ("Nite Ize"), hereby alleges as follows:

**NATURE OF ACTION**

1.      This is an action for a declaratory judgment that no claim of U.S. Patent Nos. 8,602,376 (the "'376 Patent"), 8,870,146 (the "'146 Patent"), 9,765,921 (the "'921 Patent"), 10,036,507 (the "'507 Patent"), 10,066,779 (the "'779 Patent"), D719,959 (the "D'959 Patent") and D734,746 (the "D'746 Patent") (collectively, the "Nite Ize Patents"), assigned to Nite Ize, is infringed by products being marketed by Telebrands under the trademark FASTBALL.

## PARTIES

2.      Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

3.      On information and belief, Nite Ize is a Colorado corporation that has a place of business at 5660 Central Avenue, Boulder, Colorado 80301.  On information and belief, Nite Ize is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

## JURISDICTION AND VENUE

4.      These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *et seq.*, and the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1, *et seq.* Based on the allegations set forth herein, there is an actual and justiciable controversy between Telebrands and Defendant regarding the non-infringement of the Nite Ize Patents.

5.      Jurisdiction of this Court is founded on 28 U.S.C. §§ 1331, 1338, and 2201-02.

6.      Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

7.      On information and belief, Nite Ize regularly transacts and/or solicits business within this Judicial District and has purposefully availed itself of the privilege of conducting business in this Judicial District.  On information and belief, Nite Ize regularly sells and offers for sale products within this Judicial District over the Internet and through retailers.  On information and belief, Nite Ize sells and has sold its products with the knowledge that a substantial number of them will be sold and offered for sale in the State of New Jersey. Nite Ize also has sent a cease and desist letter to Telebrands in this Judicial District with respect to the prior version of the FASTBALL Product.

## BACKGROUND

8.      Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

9.      For over thirty years, Telebrands has been a leading developer and marketer of consumer products.  Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs.  For many years, Telebrands has expended enormous human and financial resources in cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy its products.

10.      On December 10, 2013, the '376 Patent, entitled "Multi-Positional Mount for Personal Electronic Devices with a Magnetic Interface," issued to Nite Ize.  The '376 Patent is a utility patent that was filed on May 31, 2012 and claims priority from U.S. Provisional Application Serial No. 61/491,640, which was filed on May 31, 2011.  The '376 Patent includes three independent claims and nine dependent claims.  The '376 Patent is attached as Exhibit 1.

11.      On October 28, 2014, the '146 Patent, entitled "Multi-Positional Mount for Personal Electronic Devices with a Magnetic Interface," issued to Nite Ize.  The '146 Patent is a continuation

of the '376 Patent.  The '146 Patent includes three independent claims and fifteen dependent claims. The '146 Patent is attached as Exhibit 2.

12.     On September 19, 2017, the '921 Patent, entitled "Multi-Positional Mount for Personal Electronic Devices with a Magnetic Interface," issued to Nite Ize.  The '921 Patent is a continuation of the '146 Patent.  The '921 Patent includes three independent claims and eleven dependent claims.  The '921 Patent is attached as Exhibit 3.

13.     On July 31, 2018, the '507 Patent, entitled "Multi-Positional Mount for Personal Electronic Devices with a Magnetic Interface," issued to Nite Ize.  The '507 Patent is a continuation of the '779 Patent.  The '507 Patent includes three independent claims and sixteen dependent claims. The '507 Patent is attached as Exhibit 4.

14.     On September 4, 2018, the '779 Patent, entitled "Multi-Positional Mount for Personal Electronic Devices with a Magnetic Interface" issued to Nite Ize.  The '779 Patent is a continuation of the '921 Patent.  The '779 Patent includes four independent claims and ten dependent claims.  The '779 Patent is attached as Exhibit 5.

15.     On December 23, 2014, the D'959 Patent, entitled "Large Socket," issued to Nite Ize. The D'959 Patent is a design patent that was filed on January 14, 2013 and is a continuation-in-part of the '376 Patent.  The claim of the D'959 Patent is purportedly directed to the ornamental design for a large socket.  The D'959 Patent is attached as Exhibit 6.

16.     On July 21, 2015, the D'746 Patent, entitled "Phone Kit," issued to Nite Ize.  The D'746 Patent is design patent that was filed on January 14, 2013 and is a continuation-in-part of the '376 Patent.  The claim of the D'746 Patent is purportedly directed to the ornamental design for a phone kit.  The D'746 Patent is attached as Exhibit 7.

17.     On May 24, 2018, counsel for Nite Ize sent Telebrands a cease and desist letter,

alleging that Telebrands' FASTBALL Product infringed at least one claim of the '921 Patent, the '146 Patent, the '376 Patent, the D'959 Patent, and the D'746 Patent.

18.     Because Defendant has asserted in a cease and desist letter that a prior version of the FASTBALL Product infringes at least one of the Nite Ize Patents, there is a substantial controversy between Telebrands and Defendant, whose legal interests are adverse and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Telebrands' FASTBALL Product infringes the Nite Ize Patents.

19.     Nite Ize sells multiple cellphone-mounting products under the name Steelie.

20.     Steelie and the FASTBALL Product are competing products.

21.     Both parties sell and/or have sold the foregoing products to retailer customers in the State of New Jersey, which, in turn, sell and/or have sold the foregoing products to consumers throughout the State of New Jersey.

22.     Mr. Frank Vogel ("Vogel") is named as an inventor on each of the Nite Ize Patents. Mr. Paul Turner ("Turner") is named as an inventor on the '376 Patent, the '146 Patent, the '921 Patent, the '507 Patent, and the '779 Patent.  On information and belief, Vogel and Turner assigned their rights in each patent to Nite Ize.

23.     Telebrands marketed a magnetic phone mount product that it advertised under the trademark FASTBALL in or around May 2018.  That version of the FASTBALL product was the subject of a cease and desist letter that Defendant sent Telebrands. No sales were made of the Product, and the advertising was discontinued.  Telebrands re-designed the Product and will imminently launch the Product under the same trademark FASTBALL.

24.     The re-designed FASTBALL Product employs a conventional two-part ball and socket type mechanism.  The first part includes a spherical component with frictional portions

arranged about its surface and a rectangular base with curved sides.  The second piece includes a concave magnet formed of a single-piece of magnetic material coupled to a rectangular base with curved sides.  The FASTBALL Product does not infringe any claim of any of the Nite Ize Patents.

25.     The independent claims of '376 Patent, i.e., claims 1, 11, and 12, each requires numerous limitations that are missing from the FASTBALL Product.  For example, independent claim 1 recites, *inter alia*, "a second surface having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having magnetic material capable of holding said first and said second sections together, ***wherein the second section includes a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section***…" (emphasis added).

26.     At the very least, the FASTBALL Product does not include "a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section," as recited in independent claim 1 of the '376 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 1, the FASTBALL Product does not infringe independent claim 1, or the claims that depend therefrom, literally or under the doctrine of equivalents.

27.     Independent claim 11 of the '376 Patent recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having magnetic material capable of holding said first and said second sections together, ***wherein the second section includes***

5

*a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section* …" (emphasis added).

28.     At the very least, the FASTBALL Product does not include "a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section," as recited in independent claim 11 of the '376 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 11, the FASTBALL Product does not infringe independent claim 11, or the claims that depend therefrom, literally or under the doctrine of equivalents.

29.     Independent claim 12 of the '376 Patent recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having magnetic material capable of holding said first and said second sections together, *wherein the second section includes a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section* …" (emphasis added).

30.     At the very least, the FASTBALL Product does not include "a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section," as recited in independent claim 12 of the '376 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 12, the FASTBALL Product does not infringe independent claim 12, or the claims that depend therefrom, literally or under the doctrine of equivalents.

31.     The independent claims of the '146 Patent, i.e. claims 1, 11, and 12, each requires numerous limitations that are missing from the FASTBALL Product.  For example, independent

6

claim 1 recites, *inter alia*, "a second surface having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having magnetic material capable of holding said first and said second sections together, ***wherein the second section includes a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section***…" (emphasis added).

32.    At the very least, the FASTBALL Product does not include "a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section," as recited in independent claim 1 of the '146 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 1, the FASTBALL Product does not infringe independent claim 1, or the claims that depend therefrom, literally or under the doctrine of equivalents.

33.    Independent claim 11 of the '146 Patent recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having magnetic material capable of holding said first and said second sections together, ***wherein the second section includes a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section***…" (emphasis added).

34.    At the very least, the FASTBALL Product does not include "a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section," as recited in independent claim 11 of the '146 Patent.

Accordingly, since the FASTBALL Product does not include each and every element of independent claim 11, the FASTBALL Product does not infringe independent claim 11, or the claims that depend therefrom, literally or under the doctrine of equivalents.

35.     Independent claim 12 of the '146 Patent recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having magnetic material capable of holding said first and said second sections together, ***wherein the second section includes a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section*** …" (emphasis added).

36.     At the very least, the FASTBALL Product does not include "a first piece of high-friction elastomeric material, the first piece of high-friction elastomeric material disposed of in the indentation of said second section," as recited in independent claim 12 of the '146 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 12, the FASTBALL Product does not infringe independent claim 12, or the claims that depend therefrom, literally or under the doctrine of equivalents.

37.     The independent claims of the '921 Patent, i.e. claims 1, 2, and 5, each requires numerous limitations that are missing from the FASTBALL Product.  For example, independent claim 1 recites, *inter alia*, "a second section having a first surface, said first surface having an indentation, said indentation having a curved shape, said second section having magnetic material holding the first and second sections together, the magnetic material of the second section surrounding the curved surface when the first and second sections are together, wherein the magnetic material of the second section that holds said first and said second sections together has a ring shape,

the indentation being in a center of the ring shape, ***wherein the second section includes a first piece of high-friction material, the first piece of high-friction material disposed of in the indentation of said second section***…"   (emphasis added).

38.     At the very least, the FASTBALL Product does not include "a first piece of high-friction material, the first piece of high-friction material disposed of in the indentation of said second section," as recited in independent claim 1 of the '921 Patent.  Accordingly, since the FASTBALL Product does not include each and every element of independent claim 1, the FASTBALL Product does not infringe independent claim 1, or the claims that depend therefrom, literally or under the doctrine of equivalents.

39.     Independent claim 2 of the '921 Patent recites, *inter alia*, "a second section having a first surface, said first surface having an indentation, said indentation having a curved shape complementary to the curved surface of said first section, said second section constructed of magnetic material holding the first and second sections together, the magnetic material of the second section surrounding the curved surface when the first and second sections are together, wherein the magnetic material of the second section has a ring shape, ***wherein the second section includes a friction producing material, the friction producing material disposed of in the indentation of said second section*** …" (emphasis added).

40.     At the very least, the FASTBALL Product does not include a ring-shaped magnetic material or "a friction producing material, the friction producing material disposed of in the indentation of said second section," as recited in independent claim 2 of the '921 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 2, the FASTBALL Product does not infringe independent claim 2, or the claims that depend therefrom, literally or under the doctrine of equivalents.

41.     Independent claim 5 of the '921 Patent recites, *inter alia*, "a second section having a first surface, said first surface having an indentation, said indentation having a curved shape, said second section comprised of magnetic material holding the first and second sections together, the magnetic material of the second section surrounding the curved surface when the first and second sections are together, the magnetic material of the second section including the indentation and the first surface, *wherein the second section includes a material creating friction, the material creating friction disposed of in the indentation of said second section and the magnetic material positioned such that the magnetic material of the second section radially surrounds the material creating friction."* (emphasis added).

42.     At the very least, the FASTBALL Product does not include "a material creating friction, the material creating friction disposed of in the indentation of said second section and the magnetic material positioned such that the magnetic material of the second section radially surrounds the material creating friction," as recited in independent claim 5 of the '921 Patent.  Accordingly, since the FASTBALL Product does not include each and every element of independent claim 5, the FASTBALL Product does not infringe independent claim 5, or the claims that depend therefrom, literally or under the doctrine of equivalents.

43.     The independent claims of the '507 Patent, i.e. claims 1, 7, and 12, each requires numerous limitations that are missing from the FASTBALL Product.  For example, independent claim 1 recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having a second magnetic material capable of holding said first and said second sections together, *wherein the second section includes a first piece of friction*

*producing material, the friction producing material on an outer contact surface of the second section, adjacent to the second magnetic material and further from a center point of the indentation than the second magnetic material*.…"  (emphasis added).

44.    At the very least, the FASTBALL Product does not include "a first piece of friction producing material, the friction producing material on an outer contact surface of the second section, adjacent to the second magnetic material and further from a center point of the indentation than the second magnetic material," as recited in independent claim 1 of the '507 Patent.   Accordingly, since the FASTBALL Product does not include each and every element of independent claim 1, the FASTBALL Product does not infringe independent claim 1, or the claims that depend therefrom, literally or under the doctrine of equivalents.

45.    Independent claim 7 of the '507 Patent recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having a second magnetic material capable of holding said first and said second sections together, *wherein the second section includes a first piece of friction producing material, the friction producing material on an outer contact surface of the second section, having a ring shape adjacent to the second magnetic material.*" (emphasis added).

46.    At the very least, the FASTBALL Product does not include "a first piece of friction producing material, the friction producing material on an outer contact surface of the second section, having a ring shape adjacent to the second magnetic material," as recited in independent claim 7 the '507 Patent.  Accordingly, since the FASTBALL Product does not include each and every element of independent claim 7, the FASTBALL Product does not infringe independent claim 7, or the claims

that depend therefrom, literally or under the doctrine of equivalents.

47.    Independent claim 12 of the '507 Patent recites, *inter alia*, "a second section having a front surface, said front surface having an indentation, said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, said second section having a second magnetic material capable of holding said first and said second sections together, ***wherein the second section includes a first piece of friction producing material, the friction producing material on an outer contact surface of the second section, surrounding the second magnetic material.***" (emphasis added).

48.    At the very least, the FASTBALL Product does not include "a first piece of friction producing material, the friction producing material on an outer contact surface of the second section, surrounding the second magnetic material," as recited in independent claim 12 of the '507 Patent. Accordingly, since the FASTBALL Product does not include each and every element of independent claim 12, the FASTBALL Product does not infringe independent claim 12, or the claims that depend therefrom, literally or under the doctrine of equivalents.

49.    The independent claims of the '779 Patent, i.e. claims 1, 5, 8 and 11, each requires numerous limitations that are missing from the FASTBALL Product.  For example, independent claim 1 recites, *inter alia*, "a first section shaped on one end with a curved surface, ***the entirety of said curved surface of said first section constructed of a first magnetic material*** …" and "a second section having a front surface, said second section having a second magnetic material holding the first and second sections together, ***the second magnetic material of the second section holds said first and said second sections together has a ring shape surrounding a portion of the curved surface when the first and second sections are together, wherein the front surface having an***

*indentation defined by said ring shape*…"  (emphasis added).

50.     At the very least, the FASTBALL Product does not include "a first section shaped on one end with a curved surface, the entirety of said curved surface of said first section constructed of a first magnetic material. …" and "a second section having a front surface, said second section having a second magnetic material holding the first and second sections together, the second magnetic material of the second section holds said first and said second sections together has a ring shape surrounding a portion of the curved surface when the first and second sections are together, wherein the front surface having an indentation defined by said ring shape," as recited in claim 1 of the '779 Patent.  Accordingly, since the FASTBALL Product does not include each and every element of independent claim 1, the FASTBALL Product does not infringe independent claim 1, or the claims that depend therefrom, literally or under the doctrine of equivalents.

51.     Independent claim 5 of the '779 Patent recites, *inter alia*, "a first section shaped on one end with a curved surface, *the entirety of said curved surface of said first section constructed of a first magnetic material*…" and "a second section having a front surface, and an opposing flat rear surface, *said second section having a ring shape and surrounding, in a radial fashion, at least a portion of the curved surface when the first and second sections are together, wherein the front surface having an indentation defined by the ring shape*…" (emphasis added).

52.     At the very least, the FASTBALL Product does not include "a first section shaped on one end with a curved surface, the entirety of said curved surface of said first section constructed of a first magnetic material…" and "a second section having a front surface, and an opposing flat rear surface, said second section having a ring shape and surrounding, in a radial fashion, at least a portion of the curved surface when the first and second sections are together, wherein the front surface having an indentation defined by the ring shape," as recited in claim 5 of the '779 Patent.

Accordingly, since the FASTBALL Product does not include each and every element of independent claim 5, the FASTBALL Product does not infringe independent claim 5, or the claims that depend therefrom, literally or under the doctrine of equivalents.

53.     Independent claim 8 of the '779 Patent recites, *inter alia*, "a first section shaped on one end with a curved surface, ***the entirety of said curved surface of said first section constructed of a first magnetic material***…" and "a second section having a front surface, the front surface having an indentation, said indentation receiving said curved end of said first section and encompassing a portion, but less than the whole diameter, of said curved surface of said first section, said second section having a second magnetic material configured to securely attach to the first section through magnetic interaction of the curved surface of the first section with the indentation on the front surface of the second section, ***wherein the second magnetic material of the second section that holds said first and said second sections together has a ring shape surrounding, in a radial fashion, at least a portion of the curved surface when the first and second sections are together***…" (emphasis added).

54.     At the very least, the FASTBALL Product does not include "a first section shaped on one end with a curved surface, the entirety of said curved surface of said first section constructed of a first magnetic material…" and "a second section having a front surface, the front surface having an indentation, said indentation receiving said curved end of said first section and encompassing a portion, but less than the whole diameter, of said curved surface of said first section, said second section having a second magnetic material configured to securely attach to the first section through magnetic interaction of the curved surface of the first section with the indentation on the front surface of the second section, wherein the second magnetic material of the second section that holds said first and said second sections together has a ring shape surrounding, in a radial fashion, at least a

portion of the curved surface when the first and second sections are together," as recited in claim 8 of the '779 Patent.  Accordingly, since the FASTBALL Product does not include each and every element of independent claim 8, the FASTBALL Product does not infringe independent claim 8, or the claims that depend therefrom, literally or under the doctrine of equivalents.

55.     Independent claim 11 of the '779 Patent recites, *inter alia*, "a second section with a generally curved shape and constructed of a second magnetic material, the second section including a front surface having an indentation to accept the curved end of the first section and a back surface that is attachable an object selected from the group consisting of a surface of the device and a protective cover of the device, ***the first and second sections securely attached through magnetic interaction of the curved end of the first section, the entirety of which curved end is composed of a first magnetic material***, and the indentation on the front surface of the second section, ***wherein the second magnetic material of the second section that holds said first and said second sections together has a ring shape that surrounds the curved surface when the first and second sections are together the second magnetic material having the ring shape that defines the indentation*** and is opposite the curved surface of the first section and protruding from the front surface of the second section." (emphasis added).

56.     At the very least, the FASTBALL Product does not include "a second section with a generally curved shape and constructed of a second magnetic material, the second section including a front surface having an indentation to accept the curved end of the first section and a back surface that is attachable an object selected from the group consisting of a surface of the device and a protective cover of the device, the first and second sections securely attached through magnetic interaction of the curved end of the first section, the entirety of which curved end is composed of a first magnetic material, and the indentation on the front surface of the second section, wherein the

second magnetic material of the second section that holds said first and said second sections together has a ring shape that surrounds the curved surface when the first and second sections are together the second magnetic material having the ring shape that defines the indentation and is opposite the curved surface of the first section and protruding from the front surface of the second section," as recited in claim 11 of the '779 Patent.  Accordingly, since the FASTBALL Product does not include each and every element of independent claim 11, the FASTBALL Product does not infringe independent claim 11, or the claims that depend therefrom, literally or under the doctrine of equivalents.

57.    The FASTBALL Product does not infringe the claim of the D'959 Patent.  The claim of the D'959 Patent is purportedly directed to the ornamental design for a large socket.  A side-by-side comparison between the drawings of the D'959 Patent and the FASTBALL Product is shown in the table below:

| Telebrands' FASTBALL Product | Figures of the D'959 Patent |
|---|---|
|  |  FIG. 1 |



FIG. 2

FIG. 3

FIG. 4

58.     The above comparison table demonstrates that an ordinary observer would find that the ornamental design of the FASTBALL Product's Socket is not substantially the same design as the claimed design of the D'959 Patent.  Accordingly, the FASTBALL Product does not infringe the claim of the D'959 Patent.

59.     The FASTBALL Product does not infringe the claim of the D'746 Patent.  The claim of the D'746 Patent is purportedly directed to the ornamental design for a phone kit.  A side-by-side comparison between the drawings of the D'746 Patent and the FASTBALL Product is shown in the table below:

| Telebrands' FASTBALL Product | Figures of the D'746 Patent |
|---|---|
|  | <br>*FIG. 1* |
|  | <br>*FIG. 2* |



FIG. 3

FIG. 4

60.     The above comparison table demonstrates that an ordinary observer would find that the ornamental design of the FASTBALL Product's Socket is not substantially the same design as the claimed design of the D'746 Patent.  Accordingly, the FASTBALL Product does not infringe the claim of the D'746 Patent.

**COUNT ONE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '376 PATENT**

61.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

62.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '376 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

63.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '376 Patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

64.     Telebrands has no adequate remedy at law.

65.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe any claim of the '376 Patent.

## COUNT TWO
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '146 PATENT

66.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

67.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '146 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

68.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '146 Patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

69.     Telebrands has no adequate remedy at law.

70.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe any claim of the '146 Patent.

## COUNT THREE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '921 PATENT

71.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

72.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '921 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

73.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '921 Patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

74.     Telebrands has no adequate remedy at law.

75.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe any claim of the '921 Patent.

## COUNT FOUR
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '507 PATENT

76.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

77.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '507 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

78.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '507 Patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

79.     Telebrands has no adequate remedy at law.

80.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe any claim of the '507 Patent.

## COUNT FIVE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '779 PATENT

81.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

82.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '779 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

83.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '779 Patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

84.     Telebrands has no adequate remedy at law.

85.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe any claim of the '779 Patent.

**COUNT SIX**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE D'959 PATENT**

86.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

87.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, the claim of the D'959 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

88.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that the claim of the D'959 Patent is not infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

89.     Telebrands has no adequate remedy at law.

90.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe the claim of the D'959 Patent.

## COUNT SEVEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE D'746 PATENT

91.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

92.     Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, the claim of the D'746 Patent through the manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

93.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that the claim of the D'746 Patent is not infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the FASTBALL Product.

94.     Telebrands has no adequate remedy at law.

95.     Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that it does not infringe the claim of the D'746 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Telebrands demands judgment as follows:

a.     Entering judgment in Telebrands' favor and against Defendant on its claims;

b.     Declaring that the FASTBALL Product does not infringe any claim of the '376 Patent;

c.     Declaring that the FASTBALL Product does not infringe any claim of the '146 Patent;

d.     Declaring that the FASTBALL Product does not infringe any claim of the '921 Patent;

e.     Declaring that the FASTBALL Product does not infringe any claim of the '507 Patent;

f.      Declaring that the FASTBALL Product does not infringe any claim of the '779 Patent;

g.      Declaring that the FASTBALL Product does not infringe the claim of the D'959 Patent;

h.      Declaring that the FASTBALL Product does not infringe the claim of the D'746 Patent;

i.      Preliminarily and permanently enjoining Nite Ize, its agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from falsely representing or suggesting in the U.S. that the FASTBALL Product infringes the Nite Ize Patents or any patent with patentably indistinct claims;

j.      Declaring this case an exceptional case and awarding Telebrands its attorneys' fees; and

k.      Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a jury trial on all issues and claims so triable.

Respectfully submitted,

Dated: October 25, 2018          By: *s/Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
Robert T. Maldonado (to be admitted *pro hac vice*)
Benjamin Y. Han (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
tsayour@cooperdunham.com
Rmaldonado@cooperdunham.com
bhan@cooperdunham.com

*Attorneys for Plaintiff Telebrands Corp.*

## Rule 11.2 CERTIFICATION

Plaintiff Telebrands Corp. by their undersigned counsel, hereby certify pursuant to Local Civil Rule 11.2 that the matter in controversy in the present action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

Dated: October 25, 2018

By: *s/Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
Robert T. Maldonado (to be admitted *pro hac vice*)
Benjamin Y. Han (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
tsayour@cooperdunham.com
Rmaldonado@cooperdunham.com
bhan@cooperdunham.com

*Attorneys for Plaintiff Telebrands Corp.*

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.


Respectfully submitted,

Dated: October 25, 2018

By: *s/Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
Robert T. Maldonado (to be admitted *pro hac vice*)
Benjamin Y. Han (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
tsayour@cooperdunham.com
Rmaldonado@cooperdunham.com
bhan@cooperdunham.com

*Attorneys for Plaintiff Telebrands Corp.*